Jeremy M. Klausner
Agostino & Associates, P.C.
*Attorneys For Plaintiff*
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: | |
| NEW JERSEY MOBILE DENTAL PRACTICE, P.A., | Administratively Consolidated Under Case No. 05-17772 |
| | Honorable Donald H. Steckroth |
| Debtor. | Chapter 7 |
| IN RE: | |
| STEPHEN A. BEUKAS and SANDRA BEUKAS, | |
| | Case No. 08-10463 |
| Debtors. | |
| RAMA GVILDYS, | |
| Plaintiff | |
| v. | Adv. Pro. No. |
| STEPHEN A. BEUKAS and SANDRA BEUKAS, | |
| Defendants. | |

**COMPLAINT TO DENY DISCHARGE**
**PURSUANT TO BANKRUPTCY CODE SECTION 727 (11 U.S.C. §727)**

Plaintiff, Rama Gvildys, by and through her counsel, Agostino & Associates, P.C., and

by way of Complaint against the Defendants Stephen A. Beukas and Sandra Beukas

(collectively "Debtors"), states as follows:

**Relevant Procedural History**

1. On January 10, 2008, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code").

2. In March 2005, Debtor Stephen A. Beukas, the principal of New Jersey Mobile Dental Practice, P.A. ("NJMDP") caused NJMDP to file a petition for relief under Chapter 11 of the Bankruptcy Code under Case No. 05-17772.

3. On January 29, 2009, NJMDP's reorganization plan was confirmed.

4. Plaintiff was not involved in the NJMDP proceedings.

5. Plaintiff is a creditor in Case No. 08-10463.

6. On April 7, 2008, Plaintiff filed an adversary proceeding under Adversary Proceeding No. 08-01322 against Debtors to deny dischargeability of their debt to Plaintiff pursuant to Bankruptcy Code §523.

7. On December 10, 2009 a trial in the Adversary Proceeding was commenced.

8. During the trial, and as a result of Debtors' testimony therein, the Attorney General's office of the State of New Jersey obtained an order to disclose certain Grand Jury information to this Court.

9. As a result of disclosure by the State of New Jersey, this Court stopped the trial in the adversary proceeding after the conclusion of the proceedings held on January 29, 2010.

10. The trial in the Adversary Proceeding has not been reconvened or completed.

11. At the time Debtors filed their Chapter 11 Petition and during the trial in the Adversary Proceeding, the Debtors were in possession of their assets and continued to

manage their businesses, including NJMDP, and Debtors' real estate as Debtors-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

12. On February 4, 2010, also as a result of the disclosures made by the State of New Jersey, this Court appointed a Chapter 11 Trustee for the Debtors' bankruptcy estate.

13. Between February 4, 2010 and March 30, 2010, the Chapter 11 Trustee undertook an investigation of Debtors' assets.

14. The Chapter 11 Trustee's report indicated that Debtors' would not be able to confirm a Chapter 11 plan of reorganization.

15. The Chapter 11 Trustee's report also indicated that Debtor Stephen A. Beukas, as principal of NJMDP, failed to make the payments due under NJMDP's confirmed plan.

16. On March 22, 2010, the Court appointed Examiner, Barry R. Sharer, CPA, issued his report.

17. The Examiner's report concluded that Debtors could not support a Chapter 11 reorganization plan

18. The Examiner's report also stated that Debtors' Monthly Operating Reports ("MOR") were incomplete and of no use.

19. By Order dated April 27, 2010, Debtors' case was converted to Chapter 7.

20. Also on April 27, 2010, this Court Ordered the re-opening of the NJMDP Chapter 11 proceeding and administratively consolidated Cases 05-17772 (NJMDP) and 08-10463 (Beukas).

21. By Order dated April 28, 2010, this Court appointed a Chapter 7 Trustee for the administratively consolidated cases.

## Jurisdiction and Venue

22. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

23. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (I), (J) and (O).

24. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## Factual Allegations Applicable to All Claims for Relief

25. On or about January 29, 2010, the Attorney General's Office for the State of New Jersey, disclosed certain bank statements for an account titled Mobile Dental Practice, P.C. ("Mobile").

26. Debtors are the only shareholders in Mobile Dental Practice, P.C. ("Mobile").

27. Mobile was formed by Debtor Stephen A. Beukas with the intention that the entity would provide mobile dental services different from those provided by NJMDP.

28. Mobile never conducted any business.

29. Debtors controlled Mobile between March 2005 and February 2010.

30. In about early March 2005, Debtors opened a checking account for Mobile.

31. The bank account statements show that between 2005 and 2009, Debtors deposited in excess of two million seven hundred thousand dollars ($2,700,000) into the Mobile account.

32. The bank account statements also show that between 2005 and 2009, Debtors disbursed all the funds deposited into the Mobile account.

33. Pursuant to this Court's Order, the Chapter 11 Trustee retained the accounting firm of Bederson & Company, LLP ("Bederson") to investigate whether Debtors used the Mobile account to deposit monies belonging to NJMDP and whether such funds were used to pay Debtors' personal expenses.

34. On April 6, 2010, Bederson issued a report.

35. Both the Mobile bank statements and the Bederson report show that Debtors' deposited funds belonging to NJMDP into the Mobile account and used such funds to pay personal expenses.

36. Debtors deposited checks made payable to NJMDP directly into the Mobile account.

37. Debtors deposited NJMDP checks directly into the Mobile account.

38. Debtors were able to make these deposits because NJMDP and Mobile have almost identical entity names.

39. The NJMDP funds deposited into the Mobile account were not accounted for in the NJMDP books and records.

40. Bederson asked Debtor Stephen A. Beukas whether he had written himself any checks drawn on the Mobile account.

41. Debtor Stephen A. Beukas specifically informed Bederson that he had not written himself any checks drawn on the mobile account.

42. Contrary to Debtor Stephen A. Beukas' statement to Bederson, the bank statements and Bederson report both show that Debtor Stephen A. Beukas made

payments to himself in excess of six hundred forty thousand dollars ($640,000) from the Mobile account.

43. Debtors' MORs filed in Case No. 08-10463 do not include any of the payments made from the Mobile account to Debtors.

44. Debtors' MORs filed in Case No. 08-10463 do not include any of the payments made from the Mobile account to third parties on behalf of Debtors.

45. The bank account statements and the Bederson report show that Debtors used the Mobile account to pay significant personal expenses including over one hundred fifty thousand dollars ($150,000) for travel.

## **Count One**

(Objection to Discharge Pursuant to 11 U.S.C. §727(a)(2))

46. Plaintiff repeats the allegations contained in Paragraphs 1-44 as though set forth fully here.

47. Debtors' actions with respect to the Mobile account were intended to hinder, delay, and defraud creditors of NJMDP and Debtors.

48. Debtors transferred, concealed or permitted to be transferred or concealed property of the NJMDP bankruptcy estate.

49. Debtors transferred, concealed or permitted to be transferred or concealed property of the Debtors' bankruptcy estate.

50. As a result of the foregoing, Debtors must be denied a discharge pursuant to 11 U.S.C. §727(a)(2).

### Count Two

(Objection to Discharge Pursuant to 11 U.S.C. §727(a)(3))

51. Plaintiff repeats the allegations contained in Paragraphs 1-49 as though set forth fully here.

52. Debtors concealed recorded information, including the Mobile bank statements, from which their financial condition and business transactions could be ascertained.

53. Debtors' actions were not justified under the circumstances of either of the consolidated cases captioned herein.

54. As a result of the foregoing, Debtors must be denied a discharge pursuant to 11 U.S.C. §727(a)(3).

### Count Three

(Objection to Discharge Pursuant to 11 U.S.C. §727(a)(4))

55. Plaintiff repeats the allegations contained in Paragraphs 1-53 as though set forth fully here.

56. Debtors knowingly and fraudulently made false oaths and statements in connection with the consolidated cases captioned herein.

57. Debtor Stephen Beukas knowingly and falsely told the Chapter 11 Trustee's accountants that he had not made any payments to himself from the Mobile account.

58. Debtors MORs did not contain the payments made to them or on their behalf from the Mobile account.

59. As a result of the foregoing, Debtors must be denied a discharge pursuant to 11 U.S.C. §727(a)(4).

## Count Four

(Objection to Discharge Pursuant to 11 U.S.C. §727(a)(5))

60. Plaintiff repeats the allegations contained in Paragraphs 1-58 as though set forth fully here.

61. As set forth in both the Examiner's report and the Bederson report, Debtors failed to explain satisfactorily the loss in assets to both their bankruptcy estate and the NJMDP bankruptcy estate caused by the deposits and disbursements from the Mobile account.

62. As a result of the foregoing, Debtors must be denied a discharge pursuant to 11 U.S.C. §727(a)(5).

## Count Five

(Objection to Discharge Pursuant to 11 U.S.C. §727(a)(7))

63. Plaintiff repeats the allegations contained in Paragraphs 1-61 as though set forth fully here.

64. Debtors are insiders in connection with these consolidated cases.

65. Debtors violated 11 U.S.C. §§727(a)(2), 727(a)(3), 727(a)(4), and 727(a)(5) on or within one year before the date of the filing of both the NJMDP and their personal bankruptcy petitions.

66. As a result of the foregoing, Debtors must be denied a discharge pursuant to 11 U.S.C. §727(a)(7).

**WHEREFORE**, Plaintiff respectfully requests this Court enter an Order:

a. denying Debtors their discharge; and

b. granting Plaintiff her attorneys' fees and costs; and

c. granting such other and further relief as the Court deems just and proper.

Dated: Hackensack, NJ
       August 23, 2010

s/ Jeremy M. Klausner
AGOSTINO & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400